69 So.2d 702

### OPINION OF THE JUSTICES.

#### No. 135.

Supreme Court of Alabama.

Jan. 14, 1954.

---

Inquiry by the Governor.

To the Chief Justice and
    Associate Justices of the Supreme
    Court of Alabama.

Gentlemen:

Important constitutional questions have arisen in connection with Act No. 48, as amended, of the 5th Special Session of the 1950 Legislature. This act may be found on page 102 of the 1950–51 Acts of Alabama.

Sections 68 and 281 of the Constitution of Alabama of 1901 provide, in effect, that the salary or compensation of public officials and civil officers of profit under the State of Alabama may not be increased or diminished during the term for which such officer shall have been elected or appointed.

The Advisory Board of the State Agency for Administration of Social Security has entered into a contract or agreement with the Federal Social Security Authority, under the terms of which elected officials of the State of Alabama are covered under the provisions of the Federal Social Security Act.

Under the provisions of the Federal Social Security Act, the individual covered thereunder pays a certain percentage of his salary for social security benefits, and his employer contributes a like amount to match the contribution of the employee.

Under the provisions of Section 34, Title 13, Code of Alabama 1940, I respectfully request your opinion on the following question:

Will a contribution by the State of Alabama or any of the counties thereof of public funds to match an elected or appointed official's contribution to the Federal Social Security fund be considered an increase in compensation during the term for which he is elected or appointed, and therefore be in violation of Sections 68 and 281 of the Constitution of Alabama of 1901?

In connection with this request, your attention is called to an Opinion by the Justices, 249 Ala. 88, 30 So.2d 14, in which case it was held that cities and counties could not contribute to a group insurance plan for the benefit of persons coming within the perview of Section 68 of the Constitution of Alabama of 1901. Your attention is further called to the case of the State ex rel. Patteson v. Sims, W.Va., 65 S.E.2d 730. This last cited case is a case handed down by the West Virginia Supreme Court of Appeals on the identical question posed herein above.

An early reply to this request will be very much appreciated.

Respectfully submitted,
           Gordon Persons
           Governor of Alabama

Honorable Gordon Persons
Governor of Alabama

Dear Sir:

We have received your communication of December 31, 1953, requesting our opinion on the following question:

"Will a contribution by the State of Alabama or any of the counties there-

of of public funds to match an elected or appointed official's contribution to the Federal Social Security fund be considered an increase in compensation during the term for which he is elected or appointed, and therefore be in violation of Sections 68 and 281 of the Constitution of Alabama of 1901?"

Our view is that the question should be answered in the negative. As stated in 81 C.J.S., States, § 93, p. 1059:

"Deductions from salaries of state employees and payments to match them out of state funds exacted and required to be paid into the social security fund do not increase or decrease salaries within constitutional prohibitions."

Cited in support of the C.J.S. text is the case of State ex rel. Patteson v. Sims, W. Va. 1951, 65 S.E.2d 730. The opinion in that case is well considered, and the question now before us is there fully discussed. We think the reasoning of the court on the question is sound, and is amply supported by the cited authorities. We see no need, therefore, for elaboration on the point in this advisory opinion, except to quote the following "Syllabus by the Court" from the Sims case, supra:

"1. Deductions from the salary of a public officer of this State and contributions made from its public funds in amounts equal to such deductions, required by a statute of this State and by federal statutory provisions, which deductions and contributions are collected and paid for the purpose of enabling such public officer to receive the benefits provided by the federal social security system are taxes which may be imposed by this State and by the federal government upon the salary of such officer and by the federal government upon the State with the consent of the State.

"2. The tax imposed by a statute of this State and by federal statutory provisions upon the income of a public officer of this State, measured by his salary, and the tax imposed upon the State by federal statutory provisions, based upon the salary of such officer, are not a part of but are separate and apart from such salary and do not increase or diminish it within the meaning of Article VI, Section 38, of the Constitution of this State which provides that the salary of a public officer shall not be increased or diminished during his term of office.

"3. The immunity of the State of West Virginia from taxation by the government of the United States may be removed by the consent of the State; and by the action of its Legislature in enacting Chapter 123, Acts of the Legislature, 1949, Regular Session, and the action of its authorized agency in entering into an agreement with the Federal Security Administrator, by which the State consents and agrees to pay certain income and excise taxes imposed upon it by the federal government, the State removes the immunity from such taxation of its agencies to which its consent applies."

The Alabama constitutional provisions here involved are Sections 68 and 281, Constitution 1901. Sec. 68, to the extent here pertinent, provides as follows:

"Sec. 68. The legislature shall have no power to grant or to authorize or require any county or municipal authority to grant, nor shall any county or municipal authority have power to grant any extra compensation, fee, or allowance to any public officer, servant, or employe, agent or contractor, after service shall have been rendered or contract made, nor to increase or decrease the fees and compensation of such officers during their terms of office; * * *."

Sec. 281 is as follows:

"Sec. 281. The salary, fees, or compensation of any officer holding any civil office of profit under this state or any county or municipality thereof, shall not be increased or diminished during the term for which he shall have been elected or appointed."

The Alabama law corresponding to Chapter 123, Acts of the West Virginia Legisla-

ture 1949, Reg.Sess., may be found in Code 1940, Tit. 55, Chapter 18, § 476 et seq., Cumulative Pocket Part, Act No. 48, appvd. Nov. 1, 1950, Acts Ala. 5th Ex.Sess.1950, p. 102, as amended by the following acts: Act No. 107, appvd. June 18, 1951, Acts Ala.Reg.Sess.1951, p. 331; Act No. 532, appvd. Sept. 8, 1953, Acts Ala.1953, p. 740; and Act No. 868, appvd. Sept. 21, 1953, Acts Ala.1953, p. 1166).

Respectfully submitted,

J. ED LIVINGSTON,
Chief Justice

THOMAS S. LAWSON,
ROBERT T. SIMPSON,
DAVIS F. STAKELY,
JOHN L. GOODWYN,
PELHAM J. MERRILL,
PRESTON C. CLAYTON,
Associate Justices